UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINT ONGE ORCHIDS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:17-cv-00638-GPC-JLB<br><br>**ORDER:**<br><br>**GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[Dkt. No. 4]** |

On March 29, 2017, Plaintiff Saint Onge Orchids, LLC ("St. Onge") filed a complaint against Defendant County of San Diego for destroying St. Onge's orchid plants in order to control a fungus. Dkt. No. 1-2.[1] The complaint asserts claims of negligence under Cal. Gov. Code § 815.2 and Fourteenth Amendment violations under 42 U.S.C. § 1983. Dkt. No. 1-2. Defendant moved for judgment on the pleadings on April 5, 2017, arguing failure to exhaust and state a claim on which relief can be granted. Dkt. No. 4. The motion has been fully briefed.

---

[1] The complaint was originally filed in the Superior Court of the State of California for the County of San Diego. Dkt. No. 1-2. Defendant removed the civil action from state court on February 10, 2017 pursuant to 28 U.S.C. § 1441(a). Dkt. No. 1.

1

For the following reasons, the Court **GRANTS** Defendant's motion for failure to state a claim under 42 U.S.C. § 1983 with leave to amend.

## BACKGROUND

St. Onge operates two Cymbidium Orchid nurseries in San Marcos, California. Compl. ¶ 10. In July 2015, the County of San Diego conducted inspections of Plaintiff's nurseries and took samples of their orchids. *Id.* ¶ 11. The subsequent testing of St. Onge's orchids revealed that plants in both nurseries contained the fungal infection *Colletotrichum Cymbidiicola* ("*C. Cymbidiicola*"). *Id.*

In response to the infection, the County's Department of Agriculture, Weights, and Measures ("Department") instructed St. Onge to fumigate the plants held in the nurseries. The Department directed Plaintiff to spray the plants with "Pageant" fungicide in week one, "Torque" fungicide in week 2, "Pageant" fungicide again in week 3, and "Torque" again in week 4. *Id.* ¶ 12. When re-inspections showed that the spraying had not eliminated the fungus, the Department ordered that the entire collection of plants at both locations be destroyed. *Id.* ¶¶ 13-14. An estimated 5,000 plants were affected by this order and their cumulative lost value was $500,000. *Id.*

Plaintiff asserts that other nurseries in the County have similarly failed to eliminate *C. Cymbidiicola* using the "Pageant" and "Torque" rotation prescribed by the Department. *Id.* ¶ 15. At least one grower, however, was able to eliminate the infection with a third fungicide. *Id.* Yet despite knowing that this alternative fungicide had successfully eliminated *C. Cymbidiicola* at another nursery, the Department did not inform Plaintiff of the treatment's existence before taking action against St. Onge's orchids. *Id.*

From 2014 to 2016, a number of other Cymbidium orchid nurseries in San Diego County became infected with *C. Cymbidiicola*. Compl. ¶ 16, 38. The complaint alleges, however, that the Department responded differently to the fungal infections at these similarly situated nurseries because it only ordered that the infected plants be destroyed, not the entire collection of orchids. *Id.*

2

3:17-cv-00638-GPC-JLB

The complaint contains four causes of action. The first three assert different theories of state law negligence. The fourth cause of action, and sole federal cause of action, asserts that Defendant is liable under 42 U.S.C. § 1983 for discriminating against Plaintiff in violation of its Fourteenth Amendment Equal Protection and Substantive Due Process rights. *Id.* ¶¶ 38-39.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing — a motion for judgment on the pleadings is typically brought after an answer has been filed whereas a motion to dismiss is typically brought before an answer has been filed. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog. *Id.*; *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6), because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.") (internal quotations and citation omitted). Thus, when deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)).

The Court construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that

it is entitled to judgment as a matter of law." *Hal Roach Studios*, 896 F.2d at 1550. As such, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

## DISCUSSION

### I. Municipal Liability under 42 U.S.C. § 1983

Plaintiff asserts that Defendant is liable under 42 U.S.C. § 1983 for having discriminated against St. Onge intentionally and without any rational basis, in violation of its Fourteenth Amendment rights to Equal Protection and Substantive Due Process. Plaintiff's theory of liability rests on the fact that Defendant ordered that all of St. Onge's orchid inventory be destroyed, rather than only directing that the infected plants be destroyed, as was the case with other orchid nurseries in San Diego County.

To state a § 1983 claim against a municipality, a plaintiff must allege "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force behind the constitutional violation.'" *Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir. 1997) (citing *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

The purpose of this rule is to ensure that municipalities, who are not in any way at fault, are not held liable solely for employing a tortfeasor. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978); *Los Angeles Cnty., California v. Humphries*, 562 U.S. 29, 35 (2010). Rather, a municipality may only be held liable for "its own violations of federal law," which arise when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated . . . [or amount to a] deprivation[ ] pursuant to governmental 'custom' even though such a custom has not received formal

approval . . . ." *Humphries*, 562 U.S. at 36. Stated differently, a municipality may not be held liable solely for the acts of others, but may be held liable "when execution of a government's *policy or custom* . . . inflicts the injury." *Id.* (emphasis in original).

"In this circuit, a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (internal quotations omitted). There must, however, be enough factual allegations to establish what the relevant policy is, rather than merely stating that a policy caused the violation in question. *See Hernandez*, 666 F.3d at 637 (finding failure to state claim because complaint only asserted that defendant maintained a policy, custom, or practice of knowingly permitting the violation, but did not provide additional facts regarding the nature of the policy, custom, or practice); *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (finding failure to state claim because complaint alleged a policy or custom caused the violation without providing supporting factual allegations); *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 993 (9th Cir. 2011) (finding § 1983 *Monell* claim was adequate because it specifically explained that the policy in question denied "post-suspension hearings to employees resigned after suspension").

Plaintiff's complaint has failed to plead any factual allegations establishing that there was a San Diego County municipal policy or custom that violated its Fourteenth Amendment rights. *See Plumeau*, 130 F.3d at 438. Plaintiff alleges that the relevant "policy" was that Defendant personnel, exercising regulatory authority, treated St. Onge differently than a number of other orchid growers. Dkt. No. 9 at 8. This assertion, however, does not meet the broad definition of a "policy" as stated in *Humphries*, *Hernandez* or as articulated in *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), the authority cited by Plaintiff.

In order to survive a motion to dismiss, a plaintiff must plead facts demonstrating

5

that the challenged action was carried out pursuant to a municipal "policy or custom" and that it was not the result of a Government's employees tort. *Humphries*, 562 U.S. at 35. The complaint, however, singles out "Defendant personnel" as the perpetrator of the constitutional violation and does not allege that the officials acted (1) pursuant to a specific and identified municipal "policy or custom," that (2) they otherwise had final policy-making authority, or that (3) an official with final policy-making authority ratified a subordinate's unconstitutional decision or action. *See Gillette*, 979 F.2d at 1346-47 (explaining that municipal liability under § 1983 may be demonstrating in one of three ways).

The insufficiency of Plaintiff's complaint is reinforced by the Ninth Circuit's decision in *Hernandez*. There, the plaintiff asserted no more than that all of the alleged constitutional violations were carried out pursuant to the municipal defendant's regulations, and that the defendant had a policy of knowingly permitting the occurrence of these violations. *Hernandez*, 666 F.3d at 637. The *Hernandez* court, however, found that such allegations were not enough to satisfy *Monell*'s pleading standards because the defendant did not have fair notice of the claim being brought or the policy being challenged by the plaintiff's civil action. *Id.*

Here, too, Plaintiff's complaint only states that Defendant's acts and omissions discriminated against it and that the discrimination was intentional or occasioned by deliberate indifference. The complaint does not, however, provide the Court with any factual allegations showing what specific municipal policy led to the acts and omissions complained of within the complaint. To show that the "Defendant personnel" were not tortfeasors acting on their own initiative, but individuals acting pursuant to "policy or custom," the complaint needs to identify a municipal custom or policy that caused those officials to treat St. Onge differently than the other growers. Absent such factual allegations, Plaintiff has failed to state a claim for municipal *Monell* liability under § 1983.

For these reasons and because Plaintiff has failed to identify any theory of how the

challenged Fourteenth Amendment violation arose under a municipal "policy or custom," the Court **GRANTS** Defendant's motion for judgment on the pleadings as to Plaintiff's § 1983 claim.

## II. Leave to Amend

In the opposition to Defendant's motion for judgment on the pleadings, Plaintiff requests leave to amend its pleading, asserting that Defendant has not alleged that they would be prejudiced in any way. Dkt. No. 9 at 8-9. Defendant does not oppose this request. Dkt. No. 10 at 14.

Rule 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts typically look at four factors when determining whether it should grant leave to amend: namely, bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *See Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Generally speaking, denying leave to amend is improper unless the complaint cannot be saved by an amendment. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

For § 1983 claims against municipalities, leave to amend is generally granted when dismissal involved the failure to properly assert all of the necessary elements of a municipal liability claim. *See Hernandez*, 666 F.3d at 637 (finding that district court abused its discretion in not allowing leave to amend failure to allege a policy or custom). Accordingly and because the complaint, here, would be saved by being amended to include a municipal "policy or custom," the Court concludes that leave to amend would not be futile.

As such, the Court **GRANTS** Plaintiff leave to amend its 42 U.S.C. § 1983 claim. Because the Court has dismissed Plaintiff's sole federal cause of action, the Court need not reach Plaintiff's remaining state law claims. If and when Plaintiff chooses to amend its federal cause of action, the Court will revisit the status of Plaintiff's state law claims. Plaintiff has 30 days from the day of this order to file a First Amended Complaint.

////

**IT IS SO ORDERED.**

Dated: May 30, 2017

_[signature]_
Hon. Gonzalo P. Curiel
United States District Judge